Appeals from order, Family Court, New York County (Jane Eearl, J.), entered on or about February 14, 2013, which dismissed two petitions seeking to modify custody on the ground of lack of jurisdiction pursuant to Domestic Relations Law § 76-a, held in abeyance, the motion by assigned counsel to be relieved denied without prejudice to renewal, and counsel is directed to communicate with appellant forthwith concerning any issues she may wish to raise, her right to communicate with this Court directly raising any issue she believes to be meritorious, and the possibility of the assignment of new counsel if this Court finds any argument warranting consideration on the merits, consistent with People v Saunders (52 AD2d 833 [1st Dept 1976]), and instructing appellant that she has 60 days from the date of this order to file a pro se supplemental brief, and to cause a complete record to be filed or explain the inability to do so.
Counsel has provided a copy of a letter sent to appellant, and proof of service of the brief seeking to be relieved, but the letter does not meet the requirements of People v Saunders, which are applicable in Family Court matters (see Matter of Perez v Perez, 78 AD3d 433 [1st Dept 2010]). Moreover, the father’s moving papers and appellant’s opposition papers have not been provided to the Court as part of the original record, possibly because those papers were filed under a different docket number. A full record is generally needed in order to assess whether any nonfrivolous issues may be raised. Concur — Andrias, J.E, Friedman, Richter, Manzanet-Daniels and Feinman, JJ.